*E-Filed 4/26/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

XAVIER GONZALES,

    Plaintiff,

  v.

SERGEANT BEST, et al.,

    Defendants.
_____/

No. C 08-5042 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**

**GRANTING MOTION TO JOIN IN MOTION TO DISMISS**

## INTRODUCTION

This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. Defendants Best and Mantel now move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) on grounds that plaintiff has failed to state a claim on which relief can be granted. (*See* Docket No. 11.)

## DISCUSSION

**A.  Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 553–56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants violated his right to Equal Protection by their allegedly unlawful policy of restricting housing for single-cell inmates to Facility A, Building 5 at Salinas Valley State Prison. (Compl. ¶ 9.) Specifically, plaintiff alleges that this housing policy has an adverse effect because it denies him access to jobs on the Support Services waiting list which requires inmates to be housed in the housing unit they are employed in. (*Id*.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457

U.S. 202, 216 (1982)). Where, as in the instant complaint, state action does not implicate a fundamental right or a suspect classification, a plaintiff can establish an equal protection "class of one" claim by demonstrating that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)), overruled on other grounds, *Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007).

Plaintiff has failed to state claims on which relief can be granted. Specifically, plaintiff has not shown that similarly-situated prisoners are treated differently. Rather, plaintiff makes the conclusory allegation that while being housed in Facility A, Building 5 he is not afforded the same job opportunities as those afforded to inmates in other facilities within the prison. Plaintiff fails to give <u>specific</u> facts as to what job opportunities are available to inmates housed in other specific facilities, specifically how those opportunities are different than those he is offered, and how the restrictions imposed on inmates in other facilities differ from those plaintiff is under. Indeed, plaintiff has submitted evidence that makes it appear that he is on the list for support staff, the very sort of job he wishes to have. (Pet., Ex. C.) Plaintiff must correct these deficiencies.

Accordingly, defendants' motion to dismiss (Docket No. 11) is GRANTED in part. The complaint is DISMISSED with leave to amend. Plaintiff must file an amended complaint correcting the deficiencies described in this order within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

The first amended complaint must include the caption and civil case number used in this order (08-5042 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the

defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## MOTION

Defendant Neotti's motion to join in defendants Mantel's and Best's motion to dismiss (Docket No. 24) is GRANTED.

Defendants have also moved to dismiss on grounds that they are entitled to qualified immunity. (Mot. to Dismiss at 1.) Because the Court is dismissing the complaint on other grounds, it is premature to consider defendants' qualified immunity defense. Defendants may renew such a defense at an appropriate time. Accordingly, the motion to dismiss on grounds of qualified immunity is DENIED without prejudice.

## CONCLUSION

The complaint is DISMISSED with leave to amend. Plaintiff must file an amended complaint correcting the deficiencies described in this order within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

This order terminates Docket Nos. 11 & 24.

**IT IS SO ORDERED**.

DATED: April 23, 2010

RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Xavier Gonzales
K-52990
44750 60th Street West
Lancaster, CA 93536-7620

DATED: 04/26/2010

                                                         s/ Chambers Staff
                                                         Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

**United States District Court**
For the Northern District of California

No. C 08-5042 RS (PR)
ORDER
5